Dallas HOWARD, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 43S03–9504–PC–419.

Supreme Court of Indiana.

Aug. 15, 1995.

Susan K. Carpenter, Public Defender, Randy A. Elliott, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

■ Indiana's Rules on Post–Conviction Remedies provide an avenue by which convicts may seek permission for belated consideration of appeals addressing their conviction. They do not provide an avenue for appeals of other post-judgment petitions. Here, the prisoner has attempted to initiate an untimely appeal from the denial of a post-conviction petition. The trial court and the Court of Appeals correctly denied permission.

Appellant Dallas Howard was convicted of murder in the first degree during a May 1974 jury trial. We affirmed his conviction on direct appeal. *Howard v. State* (1976), 264 Ind. 275, 342 N.E.2d 604.

In July 1992, Howard filed a petition for post-conviction relief with the help of retained counsel. The court held an evidentiary hearing in July 1993 and denied the petition in September 1993. Howard's lawyer informed him that he believed the court's ruling complied with existing law and that an appeal would not be feasible. He observed that Howard could seek a second opinion from other counsel.

In June 1994, the State Public Defender sought permission from the trial court to file a belated praecipe so that a record could be prepared and an appeal pursued. Counsel alleged grounds appropriate to the requirement of Ind. Post–Conviction Rule 2(1)(a), that "(a) the failure to file a timely praecipe was not due to the fault of the defendant; and (b) the defendant has been diligent in requesting permission to file a belated praecipe under this rule."

The trial court denied the request as untimely under PC Rule 1 and Ind. Appellate Rule 2. The Court of Appeals affirmed, concluding that the record indicated Howard was neither blameless nor diligent as required by PC Rule 2(1). *Howard v. State,* No. 43A03–9409–PC–338, 645 N.E.2d 1150 (Ind.App., Jan. 23, 1995). The Court of Appeals was correct to affirm, but not for this reason.

For some period of time, our post-conviction rules provided that "[w]here a defendant convicted after a trial or plea of guilty fails to file a timely praecipe, a petition for permission to file a belated praecipe may be filed with the trial court." Ind. P–C R. 2(1), Indiana Rules of Court 1993. We stated on occasion that this rule allowed requests from prisoners who were seeking to appeal something other than their direct appeal, such as petitions brought under Rule PC 1. *See, e. g., Zellers v. State* (1979), 271 Ind. 22, 389 N.E.2d 299; *Bailey v. State* (1982), Ind., 440 N.E.2d 1130.

■ Effective January 1, 1994, however, amendments to Rule 2 made it the vehicle for belated direct appeals alone. Rule 2(1), for example, now reads: "Where a defendant convicted after a trial or plea of guilty fails to file a timely praecipe, a petition for permission to file a belated praecipe for appeal of the conviction may be filed with the trial court ...." Ind. P–C R. 2(1), Ind.Rules of Court 1994.

These amendments applied to the petition filed for Dallas Howard in June 1994, and thus the trial court was not authorized under Rule 2(1) to grant him permission for a belated praecipe. It is these grounds on which we affirm. *See e.g., Bruce v. State,* 268 Ind. 180, 200, 375 N.E.2d 1042, 1054, *cert. denied,* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662 (1978) ("decision of the trial court will be sustained if a valid ground exists to support it").

We grant Howard's petition to transfer and affirm the judgment of the trial court.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.