**Diane GLOVER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A04–9611–CR–456.**

Court of Appeals of Indiana.

Aug. 20, 1997.

Publication Ordered Sept. 11, 1997.

Kenneth T. Roberts, Roberts & Bishop, Indianapolis, For Appellant–Defendant.

Jeffrey A. Modisett, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Diane Glover ("Glover") appeals from the revocation of her probation following her conviction of battery, as a Class C felony.[1]

We dismiss for lack of jurisdiction.

### ISSUES

Glover presents several issues for review; however, the sole issue raised by the State is dispositive: Whether Glover's praecipe for appeal was timely filed.

### FACTS AND PROCEDURAL HISTORY

On December 27, 1994, Glover was charged by information with one count of aggravated battery, as a Class B felony. On July 6, 1995, the State filed an amended information charging Glover with an additional count of battery as a Class C felony. Thereafter, Glover entered into a written plea agreement wherein she pled guilty to battery as a Class C felony, and the State dismissed the Class B felony aggravated battery charge. Glover was sentenced to an eight year sentence, with six years suspended. She was placed on probation for a three year term. On June 13, 1996, Glover's probation was revoked due to a violation. She was ordered committed on the court's previously imposed sentence. Glover now appeals.

1. Ind.Code 35–42–2–1.

## DISCUSSION AND DECISION

The State contends that Glover's appeal is untimely. Glover's probation was revoked on June 13, 1996, and the praecipe for appeal was not filed until August 15, 1996.

■ Ind.Appellate Rule 2(A) requires that every party seeking an appeal must file a praecipe within thirty days of the entry of final judgment. *Hatfield v. Edward J. De-Bartolo Corp.*, 676 N.E.2d 395, 398 (Ind.Ct. App.1997), *reh'g denied.* The timely filing of a praecipe is a jurisdictional prerequisite, and failure to conform with the applicable time limits results in forfeiture of the appeal. *See Claywell v. Review Bd. of the Indiana Dept. of Employment and Training Serv.*, 643 N.E.2d 330 (Ind.1994).

■ Although it appears from the Chronological Case Summary and a notation on the face of the praecipe that the trial court permitted the late filing, this was error. Effective January 1, 1994, the supreme court amended Ind. Post–Conviction Rule 2, permitting a court to grant an appellant leave to file a belated praecipe only if the appellant is seeking a direct appeal of the conviction. *See Howard v. State*, 653 N.E.2d 1389 (Ind. 1995). The praecipe in the instant case was not timely filed and the appeal must be dismissed.

We note that our review of the Chronological Case Summary indicates that following the court's revocation of Glover's probation, Glover was advised of her right to appeal, declared indigent and the matter was referred to the Marion County Pauper Appeals Panel. Glover's appointed counsel entered his appearance contemporaneous with the filing of the praecipe on August 15, 1996. We raise this point because we recognize the possibility of undue hardship upon Glover depending on the date her case was actually assigned to pauper counsel. However, because our supreme court has declared the timely filing of a praecipe as a jurisdictional prerequisite to this court's jurisdiction, we must dismiss.

Dismissed.

DARDEN and CHEZEM, JJ., concur.

## ORDER

This Court having heretofore handed down its opinion in this appeal marked "Memorandum Decision, Not for Publication"; and

Comes now the appellee, by counsel, and files herein its Motion to Publish Opinion, alleging therein that in said opinion, this Court dismissed the appeal after finding that it lacked jurisdiction over the appeal because the praecipe had not been timely filed; that in doing so, the Court relief upon Indiana Post–Conviction Rule 2 as amended January 1, 1994, which permits a criminal defendant to seek to file a belated praecipe if he is pursuing a direct appeal of his conviction and the Court also cited to the Supreme Court case of *Howard v. State* 653 N.E.2d 1389 (Ind.1995) in which the Supreme Court of Indiana interpreted Post–Conviction Remedy Rule 2 and concluded that it does not allow a belated appeal of a judgment denying post-conviction relief;

Said Motion also alleges that the opinion clarifies that a belated appeal of probation revocation is not an appeal of the conviction within the meaning of Post–Conviction Remedy Rule 2; that publication would benefit both the State and probationers whose probation is revoked by informing probationers and appellate attorneys who represent them that their praecipes must be timely filed and there is no avenue for filing a belated praecipe, which said Motion is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion, and being duly advised, now finds that the appellee's Motion to Publish Decision should be granted and this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The appellee's Motion to Publish Decision is granted and this Court's opinion heretofore handed down in this cause on August 20, 1997 marked "Memorandum Decision, Not for Publication" is now ordered published.