Allan NEVILLE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9702–CR–118.

Court of Appeals of Indiana.

April 20, 1998.

Michael R. Fisher, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

FRIEDLANDER, Judge.

Allan Neville appeals from the denial of his request for credit for time spent while on home detention. Neville presents two issues for review, one of which is dispositive of the appeal. We restate that issue as follows:

> Did the trial court have authority under Post–Conviction Rule 2(1) to grant permission to file a belated praecipe for an appeal from a revocation of probation?

We dismiss the appeal.

Neville was convicted of burglary and sentenced to six years imprisonment, with five years suspended and the remaining year to be served in a community corrections program under home detention. Upon a subsequent finding of probation violation, the court modified the sentence to include an executed term of one year, with two years probation and no credit for time spent on home detention. After another finding of probation violation, the sentence was again modified, this time to a three-year, executed term. Neville thereafter filed a Petition for Credit Time and Time Served, requesting that he be granted credit for time served for, *inter alia*, time spent on home detention. The court denied the petition on the same day it was filed, January 15, 1997.

On February 6, 1997, Neville filed a motion to reconsider the January 15 denial of his motion for credit time. That motion was denied on February 10. On February 13, 1997, Neville, *pro se*, filed both a Notice of

Appeal regarding the denial of his petition for credit time and a praecipe. Also on February 13, 1997, Neville filed a Verified Petition for Leave to Prosecute Appeal as a Poor Person. Until this time, and including all of the filings previously mentioned, Neville had proceeded *pro se*. On February 26, 1997, the Marion County Pauper Appeals Panel appointed counsel to represent Neville in the instant appeal. On March 5, 1997, counsel filed a Motion for Leave to File Belated Praecipe. The motion was granted and this appeal ensued.

An appeal is initiated when a praecipe is filed in the trial court. A praecipe must be filed within thirty days of a final appealable order. Ind.Appellate Rule 2(A). Failure to timely file a praecipe results in dismissal of the appeal because it is a jurisdictional failure. *Moran v. Cook*, 644 N.E.2d 179 (Ind.Ct.App.1994). Effective January 1, 1994, an amendment to Ind.Post–Conviction Rule 2 created a limited avenue for permitting the filing of a belated praecipe. The amendment authorizes trial courts to permit the filing of a belated praecipe, but only "for appeal of the conviction." P–C.R. 2(1). "As such, P–C.R. 2(1) provides a method for seeking permission for belated consideration of appeals addressing conviction, but does not permit belated consideration of appeals of other post-judgment petitions." *Greer v. State*, 685 N.E.2d 700, 702 (Ind.1997).

In *Greer*, the supreme court decided the question which is before us in the instant case, *i.e.*, whether "the Court of Appeals has subject matter jurisdiction over a belated appeal from a trial court's denial of credit time following revocation of probation." *Greer v. State*, 685 N.E.2d at 702. We reproduce below the court's conclusion in that regard:

> The 1994 amendments transformed P–C.R. 2(1) into a "vehicle for belated direct appeals alone." As such, P–C.R. 2(1) provides a method for seeking permission for belated consideration of appeals addressing conviction, but does not permit belated consideration of appeals of other post-judgment petitions. Here, [the defendant] was not appealing his conviction.... Instead, [the defendant] was appealing the trial court's denial of credit time following revo-

cation of his probation, which is outside the purview of P–C.R. 2(1). The trial court erroneously permitted [the defendant] to file a belated praecipe.

*Greer v. State*, 685 N.E.2d at 702. The court concluded that the amendment to P–C.R. 2(1) removed the trial court's jurisdiction to permit the filing of belated appeals for anything other than direct appeals of convictions. Further, the court concluded that P–C.R. 2(1), as amended, removes anything other than direct appeals of convictions from the subject matter jurisdiction of the Indiana Court of Appeals, unless those appeals or petitions are brought pursuant to a timely praecipe.

In the instant case, Neville appeals the denial of his motion for credit time. Although Neville's Motion for Credit for Time Spent Incarcerated Before Sentencing was denied on January 15, 1997, the timeliness of Neville's *pro se* praecipe, filed twenty-nine days later, is not related to the date of the ruling on that motion. The January 15, 1997 motion sought a grant of credit time for time spent on home detention prior to the November 24, 1992 revocation of probation. In effect, then, the January 17, 1997 motion amounted to a challenge to the November 24, 1992 sentencing order, which failed to grant credit time for the period in question. Accordingly, the thirty-day period for challenging the denial of credit time for in-home detention commenced to run on November 24, 1992, not January 17, 1997. Obviously, the thirty-day period to file a praecipe for the purpose of challenging the denial of credit time in question had long since lapsed by the time Neville filed his *pro se* praecipe on February 13, 1997.

Because Neville was not directly appealing his conviction, the trial court was without subject matter jurisdiction to permit the filing of a belated praecipe and erred in so doing. Further, this court does not have subject matter jurisdiction over what amounts to an appeal of the November 24, 1992 denial of credit time, because such was not brought pursuant to a timely praecipe. *Greer v. State*, 685 N.E.2d 700. Therefore, we dismiss Neville's appeal for lack of subject matter jurisdiction.

Appeal dismissed.

KIRSCH, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I concur because we are bound by *Greer v. State* (1997) Ind., 685 N.E.2d 700, with regard to attempted belated appeals from a denial of credit time following revocation of probation. I am not of the view that *Greer,* or the seminal case upon which it relies, *Howard v. State* (1995) Ind., 653 N.E.2d 1389, must be read to prohibit all belated appeals except from direct appeals from the conviction itself. Although the 1994 amendment to the P.C. Rule provides for a belated appeal from the conviction itself, it does not necessarily preclude belated appeals in other appropriate situations.

As I read the case law to date, the thrust of the policy consideration underlying the legal principle involved is that persons, who through no fault of their own have been unable to effect a timely direct appeal, may be afforded relief, albeit belatedly. I therefore conclude that neither *Howard,* nor its progeny, preclude a belated direct appeal from such final and appealable judgments as a judgment which itself revokes probation, as opposed to an order which denies credit time following a revocation.