Chad Leroy GOODWIN, Appellant-
(Defendant),

v.

STATE of Indiana, Appellee-(Plaintiff).

No. 82S01–0302–CR–73.

Supreme Court of Indiana.

Feb. 21, 2003.

Jon Aarstad, Vanderburgh County Public Defender Agency, Evansville, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

A jury found appellant Chad Leroy Goodwin guilty of armed robbery for holding up a Pantry store in Evansville, and the trial court sentenced him to ten years in prison. The Court of Appeals found certain evidence wrongly admitted and reversed. We grant transfer and affirm the trial court.

■ The State's evidence was considerable. Aside from the store clerk who identified Goodwin as the perpetrator, the State called a number of Goodwin's friends. One of these acquaintances described Goodwin's announcement that he intended to commit the robbery. In an apparent effort to portray this announcement as puffery not to be taken seriously, defense counsel asked the witness, "Did you ever know him to do anything like that during the time you were dating?" The witness replied, "I had known him to break into cars and do little things but I've never known him to actually rob a Pantry." Tr. at 47–48.

Other friends testified about how Goodwin later described the robbery, what he was wearing, what he took from the clerk, what he did with the weapon, and so on. The prosecution queried these witnesses about Goodwin's other exploits, which did largely turn out to be non-violent larcenies

like smashing car windows to steal the stereos.

The defense did not object to any of this evidence. A divided Court of Appeals held that its admission constituted fundamental error requiring reversal. *Goodwin v. State*, 777 N.E.2d 1216 (Ind.Ct.App.2002) (Baker, J., dissenting).

■ Failure to object at trial customarily means that a party has not preserved any claim for appeal. The fundamental error exception to this rule permits reversal when there has been a "blatant violation of basic principles" that denies a defendant "fundamental due process." *Wilson v. State*, 514 N.E.2d 282, 284 (Ind.1987).

The evidence elicited from Goodwin's friends did not qualify under this standard. Neither did the prosecutor's questions suggesting that Goodwin needed somehow to straighten out his life nor his argument to the jury that it should "[h]elp us help Chad and return with a verdict of guilty," to which there were likewise no objections. Tr. at 170.

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.