**Cornelius COOPER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0709–CR–780.**

Court of Appeals of Indiana.

Oct. 6, 2008.

Appeal from the Marion Superior Court;
The Honorable William E. Young, Judge;
Cause No. 49G20–0201–FA–10652.

Bryan Lee Ciyou, Marion County Public Defender, Appellate Div., Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Cornelius Cooper's probation was revoked after a hearing at which the trial court did not receive evidence. He presents one issue on appeal: whether the trial court erred in denying his motion to reconsider.

We reverse and remand for a new probation revocation hearing.

## FACTS AND PROCEDURAL HISTORY

On December 10, 2003, Cooper pled guilty to dealing in cocaine, a class B felony,[1] and possession of cocaine and a firearm, a class C felony.[2] The plea agreement provided Cooper would be sentenced to eight years executed, twelve years suspended and two years probation.

On April 24, 2007, the trial court received a notice of probation violation after Cooper was arrested for domestic violence. At a hearing on May 10, 2007, the State offered Cooper a nine-year sentence if he would admit the probation violation. Cooper maintained his innocence and did not accept the offer. The trial court then revoked Cooper's probation based on a probable cause affidavit. It did not receive evidence. Cooper was ordered to serve the remainder of his twelve year suspended sentence.

At the hearing, Cooper asked the court what would happen if he was not convicted of the new charges, and the judge said, "Then you will probably go back on probation." (Tr. at 8.) Cooper's own counsel told him "Now if later on it goes to trial and you're found not guilty ... then [the judge will] probably let you back out but if that doesn't happen then you're looking at twelve years." (*Id.* at 6–7.)

Cooper did not appeal the probation revocation. The charges leading to the probation revocation were later dropped, and Cooper asked the court to reconsider the probation revocation. The court treated a subsequent hearing as one on a motion to reconsider and denied Cooper's motion.

## DISCUSSION AND DECISION

■■■ The State argues Cooper is barred from challenging his probation revocation because he did not timely appeal that order. He did not bring a timely appeal, but we have inherent power to hear it.

> [The Supreme Court] has inherent discretionary power to entertain an appeal after the time allowed has expired. The Court of Appeals also has this power. However an appeal under such conditions is not a matter of right and will not be permitted in every situation. This Court will exercise such discretion only in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist.

*Lugar v. State ex. rel. Lee,* 270 Ind. 45, 46–47, 383 N.E.2d 287, 289 (1978) (internal quotations omitted).[3]

---

1. Ind.Code § 35–50–2–4.

2. Ind.Code § 35–48–4–6(b)(1)(B).

3. In *Lugar,* our Supreme Court cited *Costanzi v. Ryan,* 174 Ind.App. 454, 458, 368 N.E.2d 12, 15 (1977), where we granted a late "appeal by grace." We noted the definition of

This case qualifies. This is a matter of great public interest, as a trial court may not revoke probation without a hearing that provides due process. These facts are extraordinary because the trial judge indicated to Cooper he would go back on probation if he was not convicted of the charges on which the probation revocation was based. (Tr. at 8.) The record does not reflect the court advised Cooper of his right to appeal. We accordingly choose to exercise our discretionary power to hear this late appeal.

■■■■ "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind.2007). The State may not revoke probation at its discretion, as it involves a person's liberty. *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind.Ct.App.1997). Because probation involves liberty interests, a person is entitled to "some procedural due process." *Id.*

The individual is not entitled to full due process, but is entitled to:

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).[4] Even a probationer who admits a violation must be given an opportunity to offer mitigating evidence suggesting the violation does not warrant revocation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind.2008).[5]

---

the phrase "of grace": " 'A term applied to any permission or license granted to a party in the course of a judicial proceeding which is not claimable as a matter of course or of right, but is allowed by the favor or indulgence of the court.' " *Id.* n. 1, 368 N.E.2d at 15 n. 1 (quoting Black's Law Dictionary 1232 (4th ed.1968)).

In *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 195 n. 2 (Ind.Ct.App.2004), we found *Lugar* "inapposite" because Allstate was not asking us to overlook its failure to timely file an appeal. Here, by contrast, Cooper is doing exactly that. In *Scroghan* we questioned, but did not address, the continuing viability of *Lugar* after *Claywell v. Review Bd.*, 643 N.E.2d 330 (Ind.1994). The *Claywell* Court acknowledged our inherent right to hear a late appeal, *id.* at 331, but determined that when the appeal was brought pursuant to an appellate rule authorizing our review of decisions from certain administrative agencies, "perfecting a timely appeal [is] a jurisdictional matter." *Id.* at 330. It held this court

therefore properly declined to accept Claywell's untimely appeal.

**4.** The State does not explicitly acknowledge Cooper did not have all these due process protections at his May 10 hearing. Rather, it characterizes the May 10 proceeding as follows: "At a hearing held on May 10, 2007, the trial court found [Cooper] had violated his probation, revoked that probation, and ordered [Cooper] to serve his previously-suspended twelve-year sentence." (Br. of Appellee at 2.) It then goes on to assert "the propriety of that hearing is simply not before this Court[.]" (*Id.* at 4.)

**5.** In *Woods* our Supreme Court found the trial court erred because it did not let Woods explain his violation at his probation revocation hearing, but it affirmed because Woods did not make an offer of proof. That result suggests Woods, unlike Cooper, had an evidentiary hearing; a "trial court *ruling excluding evidence*" may not be challenged on appeal unless "the substance of the evidence was

 Cooper did not object when his probation was revoked without an evidentiary hearing. Cooper asked at the revocation hearing what would happen if the charges were dropped, but he did not object on the grounds the court did not receive evidence at the hearing. If an issue is not objected to at trial, it may not be raised on appeal. *Townsend v. State*, 632 N.E.2d 727, 730 (Ind.1994). "However, we may bypass an error that a party procedurally defaults when we believe that the error is plain or fundamental. To qualify as 'fundamental error,' the error must be a substantial blatant violation of basic principles rendering the trial unfair to the defendant." *Id.* (quoting *Hart v. State*, 578 N.E.2d 336, 337 (Ind.1991)).

 Deprivation of due process is fundamental error. *Goodwin v. State*, 783 N.E.2d 686, 687 (Ind.2003) (defendant's friends' testimony did not fall under fundamental error exception because it did not amount to a deprivation of fundamental due process); *Wilson v. State*, 514 N.E.2d 282 (Ind.1987) (prosecutor was not permitted to use defendant's post-*Miranda* silence to prove his sanity). Because Cooper maintained his innocence, the lack of a probation revocation hearing that provided due process falls under the fundamental error exception.

Cooper was entitled to due process before his probation was revoked.[6] Cooper should have been given the opportunity to confront and cross-examine witnesses before the order was made. *See Pope v. State*, 853 N.E.2d 970, 973 (Ind.Ct.App. 2006) (Pope was wrongfully denied a hearing and second drug test; her agreement that the decision to revoke her home detention would be made by the Community Corrections program did not indicate she "intended thereby to waive all of her due process rights."). *And cf. Parker*, 676 N.E.2d at 1085 (defendant's due process rights were not violated when no evidence was presented, because his attorney admitted to the violation on his behalf).

We find Cooper is entitled to a probation revocation hearing because the court deprived Cooper of his right to due process. We reverse the trial court's denial of the motion to reconsider and remand for a probation revocation hearing.

Reversed and remanded.

MATHIAS, J., concurs.

VAIDIK, J., concurs in result, with opinion.

VAIDIK, J., concurring in result.

I agree with the majority that *Lugar v. State ex rel. Lee*, 270 Ind. 45, 383 N.E.2d 287 (1978), stands for the proposition that we have the inherent authority to entertain appeals that are procedurally time-barred. However, I believe that we need not invoke this power, which is exercisable only in "rare and exceptional circumstances," under the facts of this case. *Id.* at 289 (quotation omitted). Instead, we should decide the merits of Cooper's appeal pursuant to Indiana Post–Conviction Rule 2.

Indiana Post–Conviction Rule 2 provides that

> [a]n eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;

---

made known to the court by a proper offer of proof[.]" *Lashbrook v. State*, 762 N.E.2d 756, 758 (Ind.2002) (emphasis supplied).

**6.** The hearing on the motion to reconsider was not a remedy for the deprivation of due process because there the burden of proof was shifted from the State to Cooper.

(1) the defendant failed to file a timely notice of appeal;

(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Ind. Post–Conviction Rule 2(1)(a). Cooper failed to file a timely notice of appeal, as the trial court revoked his probation on May 10, 2007, and he did not appeal until September 5, 2007. The next questions, then, are whether the delay was his fault and whether he has been diligent in pursuing an appeal. Cooper passes these tests.

First, the circumstances surrounding Cooper's failure to immediately appeal the trial court's order revoking his probation reflect that Cooper was not at fault for the delay. Both his attorney and the trial court informed him that if he was ultimately not convicted of the domestic battery charges he would "probably" be placed back on probation. Defense counsel held a conversation with Cooper on the record and explained the post-revocation procedure to Cooper as follows: "Now if later on [the domestic battery charges] go[ ] to trial and you're found not guilty by a jury or by bench trial then you might be able to write the Judge and he will then probably let you back out[.]" Tr. p. 6. Later in the revocation hearing, the following exchange took place between Cooper and the trial court when Cooper inquired what would happen if he was not convicted of the charges leading to the probation revocation:

MR. COOPER: In the event that this case is like I said it was what would it do for my probation sir?

THE COURT: If that is your only violation?

MR. COOPER: Yes.

THE COURT: Then you will probably get back out on probation.

*Id.* at 8. Further, nowhere in the transcript is there evidence that the court or Cooper's attorney advised him of his right to appeal the revocation. Even after Cooper asked a question indicative of his ignorance of this right, "So I can't contest it or anything of that magnitude or anything?," the court did not instruct him that he could appeal its determination. *Id.* at 7. These circumstances lead me to conclude that Cooper was led to believe that he should await the outcome of his trial before contesting his probation revocation. He was thus not at fault for his delay in appealing the revocation.

Next, the record reflects that, since the charges that led to Cooper's probation revocation were dismissed, Cooper has actively sought reinstatement of his probation. Cooper's probation was revoked on May 10, 2007, and by the end of July 2007, the State dismissed the pending charges against him. *Within a week* of the dismissal of the charges against Cooper, Cooper and his counsel participated in a hearing at which they asked the court to reinstate Cooper's probation. Tr. p. 13–14 (during a hearing on July 30, 2007, clarifying that they were asking the court to treat the request as a motion to correct error). Cooper followed up on August 6, 2007, with a written motion to reconsider the revocation of probation, Appellant's App. p. 49–50, and the court heard additional evidence on that day, *see* Tr. p. 111. The trial court denied the motion to reconsider on August 6, 2007, and Cooper filed his notice of appeal on September 5, 2007. Cooper has not sat idly on his appellate rights. Instead, the record reflects that he has actively sought reinstatement of probation within the timeline he was led to believe was appropriate. Thus, he meets the diligence requirement of Indiana Post–Conviction Rule 2.

Because Cooper was not at fault for the belated appeal and because he has been diligent in pursuing an appeal of the revocation, he is entitled to a belated appeal pursuant to Indiana Post–Conviction Rule 2. Although he has not filed a petition for permission to file a belated notice of appeal—presumably because he takes the position that his appeal is timely, *see* Appellant's Br. p. 3 n. 2—had he done so we would be compelled to address the merits of his appeal. P–C.R. 2(1)(c) ("If the trial court finds that the requirements of Section 1(a) are met, it *shall* permit the defendant to file the belated notice of appeal.") (emphasis added). I thus agree with the majority's decision to examine the substance of Cooper's appeal, but our basis for doing so should primarily be Indiana Post–Conviction Rule 2.

I recognize that there is disagreement on this Court about whether probation revocation orders are appealable under the vehicle provided by Indiana Post–Conviction Rule 2. The law is clear that Indiana Post–Conviction Rule 2 only permits belated direct appeals. *Greer v. State,* 685 N.E.2d 700, 702 (Ind.1997); *Howard v. State,* 653 N.E.2d 1389, 1390 (Ind.1995). It does not "provide an avenue for appeals of other post-judgment petitions." *Howard,* 653 N.E.2d at 1390. In *Glover v. State,* 684 N.E.2d 542 (Ind.Ct.App.1997), another panel of this Court applied this rule in the context of appealing a probation revocation and concluded that probation revocations cannot be belatedly appealed under Indiana Post–Conviction Rule 2. *Id.* at 543.

I respectfully disagree with *Glover.* As Judge Sullivan has pointed out in two separate opinions, neither *Howard* nor *Greer* held that appeals from probation revocations cannot be belatedly appealed under Indiana Post–Conviction Rule 2. *Impson v. State,* 721 N.E.2d 1275, 1286

(Ind.Ct.App.2000) (Sullivan, J., concurring); *Neville v. State,* 694 N.E.2d 296, 298 (Ind.Ct.App.1998) (Sullivan, J., concurring). *Howard* held that a petitioner is not entitled to a belated appeal of the denial of a post-conviction petition, and *Greer* held that a defendant cannot belatedly challenge a trial court's *denial of credit time* following a revocation of probation. While *Greer* did distinguish between probation revocations and direct appeals for the purpose of federal due process, *Greer,* 685 N.E.2d at 704 ("Due process does not mandate that probation revocation be treated the same as direct appeals; nor does it require that appeals be available on a belated basis."), its holding relating to the availability of an appeal under Indiana Post–Conviction Rule 2 pertained to the defendant's request for credit time, a matter ancillary to the defendant's conviction and sentence. An appeal from an order revoking probation is, in my view, simply not an appeal of "other post-judgment petitions" as envisioned by our Supreme Court in *Howard* and *Greer.* A judgment revoking probation follows a fact-finding hearing and carries with it an imposition of sentence. Although the sentence imposed upon probation revocation stems from the sentence imposed during an underlying sentencing proceeding, the imposition of all or part of a previously suspended sentence is practically akin to a sentence modification. *See* Appellant's App. p. 32 (Abstract of Judgment in this probation revocation case reflects that trial court modified Cooper's sentence to order him to serve his entire previously suspended sentence). And we have concluded in the past that the imposition of a modified sentence carries with it the right to belatedly appeal pursuant to Indiana Post–Conviction Rule 2. *Becker v. State,* 719 N.E.2d 858, 860 (Ind.Ct.App.1999); *Riffe v. State,* 675 N.E.2d 710, 711 n. 1 (Ind.Ct.App.1996),

*trans. denied.* It makes sense to treat probation revocations similarly for the purpose of allowing belated appeals.

"[T]he thrust of the policy consideration underlying the legal principle" espoused in *Howard* and *Greer* "is that persons, who through no fault of their own have been unable to effect a timely direct appeal, may be afforded relief, albeit belatedly." *Neville*, 694 N.E.2d at 298 (Sullivan, J., concurring). This policy is furthered by allowing belated appeals of probation revocations when defendants meet the no-fault and diligence criteria of Indiana Post–Conviction Rule 2.

As a final note, I would like to express my opinion that what the trial court did here was simply bad practice. By conducting a probation revocation without an evidentiary hearing and then indicating to the defendant that he should only challenge the revocation through a motion to reconsider, the trial court improperly shifted the burden away from the State and onto the defendant, violating the defendant's due process rights. Nonetheless, I am concerned about our Court's decision to entertain the merits of an appeal which is, but for Indiana Post–Conviction Rule 2, procedurally barred. Our inherent power to hear appeals that are barred should be exercised in the rarest of cases. My fear is that, by reviewing the merits of the appeal on grounds other than Indiana Post–Conviction Rule 2, we are sending the wrong message to practitioners. We are inadvertently indicating that we are prepared to pick up an appeal regardless of its timeliness, without adherence to the strict requirements of Indiana Post–Conviction Rule 2. By ignoring these requirements in some cases, we create arbitrariness in the system, and arbitrariness denies litigants notice of when and how we will apply our own rules. For this reason, I contend that we should entertain the merits of Cooper's appeal based upon his fulfillment of the requirements of Indiana Post–Conviction Rule 2.

For the foregoing reasons, I would entertain the merits of Cooper's appeal of his probation revocation pursuant to Indiana Post–Conviction Rule 2. I agree with the result reached by the majority.