**Gregory A. SMITH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0808–CR–464.

Court of Appeals of Indiana.

April 8, 2009.

India Lane Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BAILEY, Judge.

### Case Summary

Appellant–Defendant Gregory A. Smith ("Smith") appeals following the revocation of his probation for his conviction of Possession of Cocaine, as a Class C felony,[1] and Resisting Law Enforcement, as a Class A misdemeanor.[2] He raises a single issue: whether the trial court erred in denying his motion to reconsider. The State responds that this matter is not properly before this Court due to the lack of a timely notice of appeal. We reverse and remand.

### Facts and Procedural History

On July 20, 2006, pursuant to a plea agreement, Smith pled guilty to Possession of Cocaine and Resisting Law Enforcement. He received an aggregate sentence of four years with two years suspended to probation.

On February 27, 2008, the State filed a notice of probation violation, alleging that Smith had been arrested on charges of Criminal Confinement and Battery. At a hearing conducted on April 10, 2008, the trial court revoked Smith's probation based upon the apparent review of a probable cause affidavit. The court did not receive evidence. Smith objected that his right of confrontation was violated.

Smith's probation was revoked and he was ordered to serve the previously sus-

1. Ind.Code § 35–48–4–6.

2. Ind.Code § 35–44–3–3.

pended sentence, albeit with the reassurance that the revocation was conditional. Although the trial court advised Smith of his right to appeal, the trial court also advised Smith that the court would "revisit" the probation violation order should Smith be found not guilty of the criminal confinement and battery charges. (Tr. 12.)

On June 4, 2008, the criminal confinement and battery charges were dismissed. It appears that Smith subsequently requested a hearing regarding the probation violation order, although the case chronology does not reflect the filing of a specific motion.

On July 3, 2008, the trial court conducted a hearing at which no evidence was received. Upon advisement that the new charges against Smith had been dismissed, the trial court indicated that he would "immediately set a hearing" should counsel be able to locate one of the complaining witnesses in the battery case. (Tr. 23.) Defense counsel indicated that Smith was available to testify and the trial court responded, "I will tell you that I will find that to be self-serving and unless I have the other people, I am not going to change my mind." (Tr. 23.)

The trial court denied Smith's request to set aside the probation violation order and reinstate his probation. Smith filed a notice of appeal.

### Discussion and Decision

#### *Jurisdiction*

At the outset, we consider whether this appeal is properly before this Court. A judgment revoking probation is a final appealable order. *See* Ind.Code § 35–38–2–3(k). A defendant must file either a notice of appeal or a motion to correct error within thirty days after a final appealable order is issued. Ind. Appellate Rule 9; *Davis v. State*, 771 N.E.2d 647, 648–49

(Ind.2002). Smith did not file a notice of appeal or motion to correct error within thirty days after the April 10, 2008 revocation order. For this reason, the State contends that dismissal is appropriate.

We addressed a nearly identical situation in *Cooper v. State*, 894 N.E.2d 993 (Ind.Ct.App.2008), *trans. granted*. Cooper was on probation when a new charge was filed against him. His probation was revoked without an evidentiary hearing. He asked the trial court what would happen should he not be convicted of the new charge, and the trial court responded, " 'Then you will probably go back on probation.' " *Id.* at 995. (quoting Tr. at 8.) Cooper did not appeal, but asked the trial court for reconsideration. After Cooper was denied relief, he pursued an untimely appeal of the probation revocation order. *See id.*

This Court declined to dismiss Cooper's appeal. Judge May, writing for the majority, stated that this Court had inherent discretionary power to hear the appeal in such "extraordinary circumstances." *Id.* Cooper's appeal presented a matter of great public interest, "as a trial court may not revoke probation without a hearing that provides due process." *Id.* at 996. The circumstances were extraordinary, because Cooper was not advised of his right to appeal but was informed that he would go back on probation if he was not convicted of the new charge. *See id.* Although Cooper had not objected to the lack of an evidentiary hearing, this Court found the deprivation of due process constituted fundamental error. *Id.* at 997. The matter was remanded for a probation revocation hearing comporting with due process. *Id.*

Judge Vaidik, concurring in result, opined that the merits of Cooper's appeal should have been addressed pursuant to Indiana Post–Conviction Rule 2. The rule provides that an eligible defendant may

petition the trial court for permission to file a belated notice of appeal of his conviction or sentence when he has failed to file a timely notice of appeal, the delay was not his fault, and he had been diligent in requesting permission to file a belated notice of appeal. Ind. Post–Conviction Rule 2(1)(a). The *Cooper* concurring opinion recognized that "there is disagreement on this Court about whether probation revocation orders are appealable under the vehicle provided by Indiana Post–Conviction Rule 2." 894 N.E.2d at 999 (citing *Glover v. State*, 684 N.E.2d 542 (Ind.Ct.App.1997) (concluding that probation revocations cannot be belatedly appealed under Indiana Post–Conviction Rule 2) and *Becker v. State*, 719 N.E.2d 858, 860 (Ind.Ct.App. 1999) (concluding that the imposition of a modified sentence can be belatedly appealed pursuant to Indiana Post–Conviction Rule 2)).

A petition for transfer of the *Cooper* appeal to the Indiana Supreme Court has been granted. Although our Supreme Court has not yet resolved the dispute concerning the appropriate procedural vehicle in these circumstances, we are persuaded that the merits of Smith's appeal should be addressed, as were the merits of Cooper's appeal. We therefore address Smith's contention that his probation was revoked without due process.

### Analysis

■■■ The grant of probation is a favor and not a right to which a criminal defendant is entitled. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind.Ct.App.2005), *trans. denied.* However, because probation revocation implicates the defendant's liberty interests, he is entitled to some procedural due process before the State can revoke that favor. *Id.* In probation revocation proceedings, the minimum requirements of due process include: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body. *Woods v. State*, 892 N.E.2d 637, 640 (Ind.2008). The State must prove the violation by a preponderance of the evidence. Ind.Code § 35–38–2–3(e).

Here, the trial court conducted an April 2008 hearing at which argument was heard, but no testimony was received and no evidentiary exhibits were submitted. It would appear from the trial court's comments that he reviewed a probable cause affidavit, apparently obtained from the State. However, there is no indication in the record that the State either formally submitted this document into evidence or requested judicial notice of it. We do not know if the document was certified or uncertified. Over Smith's objection that he was deprived of his right of confrontation, the trial court purported to revoke Smith's probation on a "conditional" basis, i.e., the trial court assured Smith that the revocation was subject to later review in the trial court.

Acting upon the trial court's invitation to pursue reconsideration, Smith returned to the trial court after the dismissal of the new charges against him. The trial court then advised Smith's counsel that Smith bore the burden of showing, by a preponderance of the evidence, "a crime wasn't committed." (Tr. 23.) Thus, the trial court shifted the burden from the State onto Smith. Equally troubling, when Smith's counsel indicated that Smith was prepared to testify, the trial court openly expressed bias against the "self-serving" testimony Smith might offer. (Tr. 23.) Clearly, throughout the bifurcated and irregular proceedings, Smith has not yet been afforded due process.

Smith is entitled to a probation revocation hearing that comports with the requirements of due process. We reverse the denial of the motion to reconsider and remand for a probation revocation hearing.

Reversed and remanded.

DARDEN, J., and ROBB, J., concur.