Jeffrey **WOOTEN**, Appellant–Petitioner,

v.

**STATE of Indiana**, Appellee–Respondent.

No. 49A02–1004–CR–586.

Court of Appeals of Indiana.

March 24, 2011.

Victoria L. Bailey, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jeffrey Wooten appeals the trial court's revocation of his probation. Wooten asserts that he was not on probation at the time of the trial court's order and, therefore, he is being wrongfully imprisoned. The State asserts that this court has no jurisdiction over Wooten's appeal because Indiana Post–Conviction Rule 2 does not permit belated appeals from the revocation of probation. We agree with the State. Further, there is substantial evidence in the record that supports the trial court's conclusion that Wooten was properly before it for a probation revocation proceeding. Thus, we also decline Wooten's invitation to exercise jurisdiction under our inherent authority to hear appeals that present a matter of great public interest.

Dismissed.

### FACTS AND PROCEDURAL HISTORY

On March 13, 2003, the State charged Wooten with possession of cocaine, as a Class B felony; possession of marijuana, as a Class A misdemeanor; and resisting law enforcement, as a Class A misdemeanor. On December 10, 2003, Wooten pleaded guilty to the charges of possession of cocaine and resisting law enforcement. On February 19, 2004, the trial court sentenced Wooten to ten years, with six years executed and four years suspended, and with two of the suspended years to be served on formal probation. Wooten signed his conditions for probation that same day.

The next day, Wooten began serving the executed term of his sentence with the Hoch Correctional Consultants and Services ("HOCCS") home detention program in Marion County. Shortly thereafter, on July 27, 2004, an HOCCS representative filed a notice of violation against Wooten for his alleged failure to maintain a home phone and to notify HOCCS of his "location and[/]or residence." Appellant's App. at 64. On August 5, HOCCS amended its notice to include an allegation that Wooten had refused to submit to a drug test. After a hearing on August 19, the court

ordered Wooten to be placed on "strict compliance" within the HOCCS program. *Id.* at 15.

On September 12, 2006, HOCCS filed a new notice of violation against Wooten, alleging that Wooten had been charged with a new crime that was pending in the Marion Superior Court. On October 5, Wooten pleaded guilty to that new charge as well as to the HOCCS notice of violation. Wooten agreed to have his placement with HOCCS revoked and to serve "the remainder of the executed portion of [that] sentence at the Indiana Department of Correction [ ("DOC") ], with such sentence to be served consecutively" to the sentence imposed for his new conviction. *Id.* at 70. The trial court accepted Wooten's plea and stated that he was to have "probation after [his] executed sentence." *Id.* at 18 (capitalization removed). However, according to the court's amended abstract of judgment, Wooten was to serve six years executed with no time suspended. On October 18, 2006, HOCCS released Wooten to the DOC.

On May 23, 2007, the trial court ordered Wooten to be released to a community transition program over the State's objection. Wooten was to be supervised by the Indianapolis parole district. On July 4, 2009, Wooten was released from parole, but Wooten's parole officer did not notify his probation officer of that release until December 16, 2009. The probation officer immediately called and spoke with Wooten. Wooten "stated he was not aware that he had [p]robation[ and] that [p]arole told him all he had to do was two years [p]arole...." *Id.* at 80. The probation officer informed Wooten that he still had two years of probation to complete, and Wooten agreed to register with probation.

The next day, the probation officer filed a notice of probation violation based on a plea agreement Wooten had negotiated in Hendricks County. According to that plea agreement, on June 28, 2009, Wooten had operated a vehicle with a lifetime suspension, a Class C felony, and had operated a vehicle while intoxicated, as a Class A misdemeanor. Wooten agreed to serve one year executed.

On January 14, 2010, the trial court held a hearing on the State's notice of probation violation. At that hearing, the court engaged Wooten in the following colloquy:

[Wooten's attorney]: [Wooten] wants to admit to allegation number one.... And I believe he wants to make a statement.

[The court]: What do you want to say, sir?

[Wooten]: ... during the time that I caught the Hendricks County case, I was currently on parole.... I had maybe ... days. And once ... I got off of parole, parole told me that I was done with everything. So I assumed that I was done with everything, but no one had informed me that I needed to go report to probation. In December ... [the] probation department called me on my cell phone and told me that it was a misunderstanding [and] that they thought I was supposed to g[e]t off parole in 2011. They found out I got out in July of '09 and they told me that I needed to come down and get processed. So December 21st I went down to the probation department, got processed. They set me up an appointment to see my probation officer on January the 11th. I went to the probation department and she said that I had a warrant. And they locked me up. And I explained to the lady that I talked to at the probation department that I had a case in Hendricks County that I have already signed a plea on and I asked them would—they told me that there wasn't gonna be any violations against me because it was a misunderstandin' on

they (sic) behalf. And I never knew that I was supposed to be on any type of probation. I thought I was done with my sentence.

\* \* \*

[The court]: Well, you know that you are not to engage in criminal conduct, ever, right?

[Wooten]: Yes.

[The court]: And that's the nature of the violation that you admitted. It's not some reporting thing, which I could understand. When did he first report to Marion County Probation?

[The State]: That date, Your Honor, was 12–21–2009.

[The court]: And is there a signed conditions of probation? Because his record indicates that he got two years probation at the time of sentencing.

[The State]: Yes, Your Honor. Dated 2–19–04.

[The court]: So when you got sentenced, on February 19th, '04, you signed your conditions of probation. So you did know that you were on probation.

[Wooten]: I figured that—figured that they gave me parole, two years parole instead of two years probation.

[The court]: Well, you figured wrong.

[Wooten]: Because when I did ... the parole, the two years parole no one ever told me that I needed to report to probation.

[The court]: But the Judge told you that you were on probation. No Judge ever told you that you weren't on probation. And when you got sentenced, Judge Young said two years of probation. You signed the order of probation indicating that you got a copy of that and read it.

[Wooten]: Yeah, I never made it to probation.

[The court]: I understand, but you were supposed to. And you didn't. But instead apparently you were driving when you weren't supposed to and using alcohol while you were driving.

[Wooten's attorney]: ... It's very possible that between '04 when he pled and '09 being released from DOC that maybe he did forget....

[The court]: I understand that and if it was just a failure to report, I can understand the mix-up. But this is engaging in new criminal conduct ... which is wrong no matter whether he is on or off parole or probation or not on any kind of paper at all. You can't engage in criminal conduct. So it's not a defense to this type of violation that I didn't know.

\* \* \*

[The court]: ... And he's got another case pending, a serious case, a C felony case in another county. The Court finds he's admitted to being in violation and that he was properly arrested for his new offenses. The [C]ourt does, like I said, understand that there could be confusion about his duty to report. That's not the nature of this violation. It's the engaging in criminal conduct[,] which is always illegal. And it is probably the most serious violation of probation. The Court is going to impose two of the four years at the [DOC].

Transcript at 5–11. The court did not inform Wooten of his right to appeal the court's revocation of his probation.

On April 28, 2010, Wooten filed a petition for permission to file a belated notice of appeal with the trial court, pursuant to Indiana Post–Conviction Rule 2. On May 7, the court granted Wooten's motion and appointed him pauper counsel on May 19. On August 5, Wooten's attorney filed a motion for a hearing on the belated notice of appeal. The court held the hearing on August 19 and affirmed its order granting

Wooten's belated notice of appeal. This appeal ensued.

## DISCUSSION AND DECISION

▆▆ Wooten appeals the trial court's revocation of his probation, asserting that he was not on probation when the trial court ordered him to serve two more years at the DOC. In support, Wooten relies exclusively on the October 5, 2006, amended abstract of judgment, which fails to state a suspended term for his sentence. Our standard of review is clear:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Sanders v. State*, 825 N.E.2d 952 (Ind. Ct.App.2005). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Ind.Code Ann. § 35–38–2–3 (West 2007); *Goonen v. State*, 705 N.E.2d 209 (Ind.Ct.App.1999). Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *See Sanders*, 825 N.E.2d at 956. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Guillen v. State*, 829 N.E.2d 142 (Ind.Ct.App.2005).

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

▆▆ However, before we may consider the merits of Wooten's appeal, we must first decide whether we have jurisdiction to do so. "The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal." *Bohlander v. Bohlander*, 875 N.E.2d 299, 301 (Ind.Ct.App.2007) (quotation omitted), *trans. denied; see also* Ind. Appellate Rule 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited. . . ."). It is not disputed that Wooten did not timely file his notice of appeal.

▆▆ In light of his failure to timely appeal, Wooten sought permission to file a belated notice of appeal pursuant to Post–Conviction Rule 2. Post–Conviction Rule 2 permits an "eligible defendant" to belatedly file a notice of appeal in certain circumstances. The Rule defines "eligible defendant" as follows:

> An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.

According to Wooten, there is a conflict in this court regarding the legitimacy of using Post–Conviction Rule 2 to obtain an otherwise untimely appeal from the revocation of a probation. We do not perceive a conflict.

The question of whether Post–Conviction Rule 2 permits a belated notice of appeal from the revocation of probation was recently "squarely before" this court. *Dawson v. State*, 938 N.E.2d 841, 844 (Ind. Ct.App.2010), *not yet certified.* We reviewed the history of Post–Conviction Rule 2:

> Prior to 1994, Post–Conviction Rule 2 provided that "[w]here a defendant convicted after a trial or plea of guilty fails to file a timely praecipe [now notice of

appeal], a petition for permission to file a belated praecipe may be filed with the trial court." *Howard v. State*, 653 N.E.2d 1389, 1390 (Ind.1995) (quoting Ind. P–C.R. 2(1), Indiana Rules of Court 1993). Thus, the rule "allowed requests from prisoners who were seeking to appeal something other than their direct appeal[.]" *Id.*; *Greer v. State*, 685 N.E.2d 700, 702 (Ind.1997).

Effective January 1, 1994, the rule was amended to provide that a defendant convicted after a trial or plea of guilty who had failed to file a timely praecipe could petition the trial court for permission to file a belated praecipe "for appeal of the conviction." *Greer*, 685 N.E.2d at 702 (discussing P–C.R. 2(1), Indiana Rules of Court 1994). Our supreme court interpreted the amended rule as the vehicle for belated direct appeals of convictions alone. *Howard*, 653 N.E.2d at 1390 (holding that belated appeal of denial of post-conviction petition is outside purview of rule); *Greer*, 685 N.E.2d at 702 (holding that belated appeal of denial of credit time following probation revocation is outside purview of rule). As explained by Justice Sullivan:

> By following the procedure outlined in the prior version of P–C.R. 2(1), an appellant from a criminal conviction could (and still can), and an appellant from an adverse determination in other proceedings of a criminal nature arguably could (but now cannot), invoke the jurisdiction of the trial court over his or her particular case.

*Greer*, 685 N.E.2d at 703. Relying on *Howard v. State*, our Court held that the trial court could not permit a belated appeal of a probation revocation order. *Glover v. State*, 684 N.E.2d 542, 543 (Ind.Ct.App.1997).

Since that time, Post–Conviction Rule 2 has been amended several times. As delineated above, it now states that "[a]n eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction *or sentence....*" (Emphasis supplied.) Addition of the "sentence" language comports with *Collins v. State*, 817 N.E.2d 230, 233 (Ind.2004), where the Indiana Supreme Court held that "the proper procedure for an individual who has pled guilty in an open plea to challenge the sentence imposed is to file a direct appeal or, if the time for filing a direct appeal has run, to file an appeal under P–C.R. 2." The current Rule also defines an "eligible defendant" as a defendant who, but for the failure to do so timely, "would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal...."

*Id.* (alterations and omissions original; footnote omitted). We also discussed more recent developments:

> Th[is] issue was the focus of a recent case where a defendant did not timely appeal the probation revocation order but later asked the court to reconsider its revocation decision. *Cooper v. State*, 894 N.E.2d 993 (Ind.Ct.App.2008), *trans. granted*. The trial court had treated the subsequent hearing as one on a motion to reconsider and denied the defendant's motion. *Id.* at 995. On appeal, this Court reviewed the probation revocation order under our inherent authority to entertain an untimely appeal in "rare and exceptional" cases of great public interest. *Id.* at 995–96. Concurring in result, Judge Vaidik took the position that the merits of the appeal should be decided pursuant to Post–Conviction Rule 2. *Id.* at 999.

On petition to transfer, a divided Indiana Supreme Court concluded that, because the defendant did not petition for permission to file a belated notice of appeal, the case was not an appropriate vehicle to resolve the question of whether probation revocation orders are appealable under Post–Conviction Rule 2. *Cooper v. State*, 917 N.E.2d 667, 673 (Ind.2009). As Justice Rucker wrote: "[I]t is axiomatic that any review of the trial court's decision to grant or deny a petition for permission to file a belated notice of appeal is wholly dependent on the defendant actually requesting permission in the first place." *Id.* The Court also rejected the position that the case qualified as rare and exceptional and, thus, analyzed "the only issue properly before" it, namely, the denial of the defendant's motion to reconsider. *Id.* Ultimately, the Court affirmed the trial court's denial of that motion. *Id.* at 674.

*Id.* at 843 (alteration original; footnote omitted).

■ In light of that background, the panel in *Dawson* concluded as follows:

Thus, the question is whether that sanction [the revocation of probation] qualifies as a "sentence" under the Rule.

It is true that an order for probation derives from a sentencing order following a conviction or plea of guilty.... Accordingly, one justification for permitting belated appeals of probation revocation orders is that imposition of all or part of a previously-suspended sentence is similar to imposition of a modified sentence, which "carries with it the right to belatedly appeal pursuant to Indiana Post–Conviction Rule 2." *See Cooper*, 894 N.E.2d at 999 (Vaidik, J., concurring in result) (vacated); *Cooper*, 917 N.E.2d at 674 (Boehm, J., dissenting and agreeing with Judge Vaidik's separate opinion).

The cases cited for that proposition, however, are *Becker v. State*, 719 N.E.2d 858 (Ind.Ct.App.1999) and *Riffe v. State*, 675 N.E.2d 710 (Ind.Ct.App.1996), *trans. denied.* In *Becker*, this court had affirmed the defendant's convictions on direct appeal but remanded to the trial court for resentencing. The resentencing order was then belatedly appealed. *Becker*, 719 N.E.2d at 859. In *Riffe*, the defendant also sought a belated direct appeal from a sentence imposed as a result of resentencing after remand. *See Riffe*, 675 N.E.2d at 714 (Sullivan J., dissenting) (describing proceeding as a "de novo resentencing"). But the trial court's action in a civil probation violation proceeding differs significantly from that taken in original sentencing or resentencing after a criminal conviction. As our supreme court explained:

the action taken by a trial court in a probation revocation proceeding is not a "sentencing." The court is merely determining whether there has been a violation of probation and, if so, the extent to which the court's conditional suspension of the original sentence should be modified and/or whether additional conditions or terms of probation are appropriate.

*Jones v. State*, 885 N.E.2d 1286, 1289 (Ind.2008) (holding that the trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by Appellate Rule 7(B)).

We are not unsympathetic to the policy considerations attendant to permitting belated appeals of probation revocation orders where the diligence and fault criteria are met. Nevertheless, the Indiana Supreme Court has strictly construed Post–Conviction Rule 2 in *Howard* and *Greer*, and continues to limit its reach. *See Newton v. State*, 894 N.E.2d

192 (Ind.2008) (holding that the trial court lacked authority to grant a request for a belated appeal where the case did not involve a direct appeal of a conviction or sentence after a trial or plea of guilty). Further, although the Indiana Supreme Court has never explicitly determined whether and to what extent Post–Conviction Rule 2 applies to probation revocation orders, this Court decided that matter in 1997, and the Indiana Supreme Court has never superseded that opinion by Rule amendment. [*See Glover*, 684 N.E.2d at 543.]

While we are aware of the need for clarification and welcome such, we do not believe the current rendering of the Post–Conviction Rule 2 encompasses probation revocation orders. Accordingly, we must conclude that Post–Conviction Rule 2 is available for direct appeals of convictions and sentences only and not for belated appeals of probation revocation orders. Because this matter is not properly before us due to the lack of a timely notice of appeal, we decline to consider the appeal.

*Id.* at 845–46.

Also, while *Cooper* was pending before our Supreme Court, another panel of this court relied on the majority opinion in *Cooper*. *See Smith v. State*, 904 N.E.2d 282, 284–85 (Ind.Ct.App.2009). Specifically, the panel in *Smith* reviewed the merits of a belated appeal after invoking this court's jurisdiction to review appeals that present a matter of great public interest. The panel then held that the trial court had denied the defendant his due process rights by not holding an evidentiary hearing before revoking the defendant's probation. *Id.* at 285–86.

In sum, Wooten asserts that Post–Conviction Rule 2 permits a belated notice of appeal from the revocation of probation. But he cites only the following in support of that assertion: the majority opinion in *Smith*, Justice Boehm's dissent in *Cooper*, and Judge Vaidik's dissent in *Cooper*. *Smith* is inapposite to the question of whether Post–Conviction Rule 2 permits belated appeals such as Wooten's because the court never considered that question. And while we respect dissenting opinions, Judge Vaidik's dissent in *Cooper*, along with the majority opinion of this court, was vacated by our Supreme Court's grant of transfer. *See* Ind. Appellate Rule 58(A). And the majority of the Supreme Court in *Cooper* did not address the issue Wooten now presents.

However, this court has twice held that appeals such as Wooten's are not permissible. *See Dawson*, 938 N.E.2d at 845–46; *Glover*, 684 N.E.2d at 543. For the reasons stated by Judge Bailey in his thorough and unanimous opinion in *Dawson*, we agree that Post–Conviction Rule 2 does not, as currently written, support Wooten's belated appeal.

■ Wooten also urges us to exercise jurisdiction under our inherent authority to hear matters of great public importance. *See, e.g., Lugar v. State ex rel. Lee*, 270 Ind. 45, 46–47, 383 N.E.2d 287, 289 (1978). We are not persuaded that this case meets such an extraordinary standard. The evidence before the trial court demonstrated a conflict as to whether Wooten was actually serving a suspended sentence at the time the State sought to revoke his probation. On the one hand, as the trial court noted, the court's original sentencing statement to Wooten unambiguously included a term of probation; Wooten signed a form stating the conditions of his probation when he was originally sentenced; and when his sentence was amended in 2006 the trial court orally informed him that he would still have a term of probation. On the other hand, the 2006 amended abstract of judgment states that Woo-

ten had no suspended term. The trial court here considered the evidence and found against Wooten. His argument on appeal is merely a request to reweigh the evidence, which we would not do if we were to entertain the merits of his claim. *See Prewitt,* 878 N.E.2d at 188. Thus, we decline to exercise our inherent authority to hear appeals over matters of great public importance.

We hold that Wooten's request for a belated notice of appeal is not authorized by Indiana Post–Conviction Rule 2. As such, we lack jurisdiction to hear the merits of Wooten's claims. And we decline Wooten's request to entertain his appeal under our inherent authority over matters of great public importance. Accordingly, Wooten's appeal is dismissed.

Dismissed.

DARDEN, J., and BAILEY, J., concur.