## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 19 2019, 9:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan M. Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lonnie D. Sewell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 19, 2019

Court of Appeals Case No.
18A-CR-3026

Appeal from the
Allen Superior Court

The Honorable
Frances C. Gull, Judge

Trial Court Cause No.
02D05-1606-F6-634

**Kirsch, Judge.**

Contending that the trial court abused its discretion, Lonnie D. Sewell ("Sewell") appeals the trial court's decision to revoke his probation.

We affirm.

## Facts and Procedural History

On August 9, 2016, Sewell pleaded guilty to dealing in a synthetic drug or lookalike substance,[1] a Level 6 felony, and resisting law enforcement,[2] a Class A misdemeanor.,. *Tr. Vol. II* at 9. He was sentenced to one year and 183 days for Count I and one year for Count II. *Id.* at 17. The trial court ordered the sentences to run concurrently with the 183 days to be executed and the one year to be suspended. *Id.*

On September 8, 2016, Sewell was ordered to serve the 183 days executed in the Allen County Work Release Program. *Id.* at 35. On September 26, 2016, Sewell's placement in the work release program was revoked, and Sewell was ordered to serve 183 days in the Allen County Jail with a year of probation to follow. *Id.* at 53, 87.

On June 3, 2017, Sewell was arrested on charges of possession of a synthetic drug or lookalike substance, resisting law enforcement, and driving while suspended ("June 2017 charges"). *Id.* at 74*.* On November 14, 2017, the State

---

[1] *See* Ind. Code § 35-48-4-10.5(c)(2).

[2] *See* Ind. Code § 35-44.1-3-1(a)(3).

filed a petition to revoke probation. *Id.* at 58. Sewell admitted to the allegations and was placed in the Drug Court program on November 27, 2017. *Id.* at 68. On March 19, 2018, Sewell was cited for violation of Drug Court rules and ordered to serve one night in jail. *Id.* at 70.

[6] Sewell submitted to a drug test on August 21, 2018, which was positive for cocaine. *Tr. Vol. II* at 23. Sewell also: (1) failed to submit to drug screens on August 20, August 27, and August 28; and (2) failed to appear in court on September 4. *Id.* Lastly, Sewell was arrested on October 23 and charged with resisting law enforcement, possession of cocaine, possession of a narcotic drug, possession of a synthetic drug, and possession of marijuana. *Id.*

[7] The State filed an amended petition to revoke probation on October 29, 2018. *Appellant's App. Vol. II* at 74. This petition included both the allegations from the arrest around June 2017 charges and that Sewell failed to complete Drug Court requirements. *Id.* Sewell admitted to the allegations in the petition at a hearing on November 5, 2018. *Tr. Vol. II* at 23. On the same day, Sewell's placement in the Drug Court program was revoked. *Id.*

[8] At the November 29, 2018 sentencing hearing, Sewell pleaded guilty to the June 2017 charges. *Id.* at 28. Sewell admitted that he was an addict and that he had relapsed. *Id.* at 32. Sewell requested alternative sentencing, but he was ineligible because of his pending charges. *Id.* In addition to sentencing him on the June 2017 charges, the trial court ordered Sewell's suspended sentence

revoked and ordered him to serve one year in DOC less the time served awaiting resolution of the case. *Id.* Sewell now appeals his sentence.

## Discussion and Decision

[9] Sewell argues that his revocation of probation and subsequent executed sentence in DOC were inappropriate in light of the nature of the offense and the character of the offender. *Appellant's Br.* at 18. A trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as articulated in Appellate Rule 7(B). *Wooten v. State*, 946 N.E.2d 616, 622 (Ind. Ct. App. 2011) (citing *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008) ("A trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by the rule. The review and revise remedy of App. R. 7(B) is not available.")), *trans. denied.* Rather than the independent review afforded sentences under Appellate Rule 7(B), a trial court's sentencing decisions for probation violations are reviewed for an abuse of discretion. *Jones*, 885 N.E.2d at 1290. An abuse of discretion occurs where the discretion is clearly against the logic and effect of the facts. *Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017).

[10] "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Cain v. State*, 30 N.E.3d 728, 731 (Ind. Ct. App. 2015) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188. (Ind. 2007)), *trans. denied.* "Courts in probation revocation hearings 'may consider any relevant evidence bearing some substantial indicia of reliability.'" *Id.* (quoting *Cox v.*

*State*, 706 N.E.2d 547, 551 (Ind. 1999)). "It is within the discretion of the trial court to determine the conditions of a defendant's probation and to revoke probation if the conditions are violated." *Id.* This court has stated that "all probation requires 'strict compliance'" because once the trial court extends this grace and sets its terms and conditions, the probationer is expected to comply with them strictly." *Id.* at 731-32 (quoting *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008)). "If the probationer fails to do so, then a violation has occurred." *Id.* If a violation is proven, the trial court must determine if the violation warrants revocation of the probation. *Sullivan v. State*, 56 N.E.3d 1157, 1160 (Ind. Ct. App. 2016). Violating one condition of probation is enough to support a probation revocation. *Pierce v.* State, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[11] If the trial court concludes that the probationer has violated the terms of his probation, the court may: (1) continue the probation, with or without modifying or enlarging the conditions; (2) extend the probationary period for up to one year; or (3) revoke the probation and order all or part of the sentence to be executed. Ind. Code § 35-38-2-3(h).

[12] Sewell argues that revoking his probation was inappropriate given the mitigating factors. *Appellant's Br.* at 21. Revoking Sewell's probation was not an abuse of discretion; indeed, revocation of probation is one of the options prescribed by the statute. *See* I.C. § 35-38-2-3(h)(3).

[13] Here, the trial court noted many aggravating factors which contributed to its ordering Sewell's suspended sentence to be served in DOC and noted that many

rehabilitative measures that had been offered failed. *Appellant's App. Vol. I* at 100. In addition, Sewell was not eligible for alternative sentencing because of his pending charges. *Tr. Vol. II* at 34. The trial court did not abuse its discretion in ordering Sewell to DOC.

[14]  Sewell's probation required that he obey the law and maintain good behavior. While on probation, Sewell: (1) pleaded guilty to possession of a synthetic drug, resisting law enforcement, and driving while suspended; and (2) tested positive for cocaine and failed to submit to three drug screens. *Tr. Vol. II* at 22-23. Sewell had pending charges from his arrest in October 2018 against him at the time of sentencing that were also from his behavior while on probation. *Id.* at 34. These violations of Sewell's probation were sufficient to revoke probation.

[15]  At the sentencing hearing, the trial court noted the following aggravating factors: Sewell's juvenile record, his adult criminal record, and his failed efforts at rehabilitation. *Appellant's App. Vol. I* at 100. These failed efforts at rehabilitation consisted of parole, Re-Entry Court, Work Release, Drug Court, time served in DOC, and multiple treatment attempts. *Id.* Despite being enrolled in all these rehabilitative programs, Sewell remained a "High" risk to reoffend according to the IRAS. *Id.* at 91. The trial court must decide on what action to take following a violation of probation. Here, Sewell violated his probation on two different occasions by reoffending. *Id.* at 7, 74. Therefore, the trial court did not abuse its discretion by ordering Sewell to serve all of his previously suspended sentence in DOC.

[16]    Affirmed.

Vaidik, C.J., and Altice, J., concur.