## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2020, 10:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah K. Smith
Thorntown, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Damoine Wilcoxson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 19, 2020 <br><br> Court of Appeals Case No. 19A-CR-1021 <br><br> Appeal from the Boone Superior Court <br><br> The Honorable Matthew C. Kincaid, Judge <br><br> Trial Court Cause No. 06D01-1610-MR-249 |

**Najam, Judge.**

# Statement of the Case

Damoine Wilcoxson appeals his conviction for murder, a felony, following a bench trial. He presents two issues for our review:

1. Whether the trial court abused its discretion when it admitted evidence of his prior bad acts.

2. Whether the trial court abused its discretion when it sentenced him.

We affirm.

# Facts and Procedural History

At approximately 12:30 p.m. on September 28, 2016, John Clements, an eighty-two-year-old resident of Zionsville, was outside his house getting his mail when an African-American man driving a white Chevrolet Impala drove by and shot him multiple times. Three of Clements' neighbors heard the shots and saw the white car drive away. One of those neighbors, Kaitlin Wefler, found Clements lying on his driveway. Officers with the Zionsville Police Department ("ZPD") were notified and arrived at the scene, where they found four .223-caliber shell casings on Clements' driveway. Clements died as a result of the gunshot wounds.

In the ensuing weeks, on October 4 and 13, someone "shot up" the Indianapolis Metropolitan Police Department ("IMPD") buildings for the Northwest and North districts in Indianapolis. *Wilcoxson v. State*, 132 N.E.3d 27, 29 (Ind. Ct. App. 2019) ("*Wilcoxson I*"), *trans. denied*. Investigating officers

recovered thirty .223-caliber shell casings outside of the Northwest District building and sixteen .223-caliber shell casings outside of the North District building. Officers also found handwritten notes outside of each building after the shootings that contained "threats against 'white' people and references to 'Yahuah.'" *Id.* Forensic analysis revealed that the same gun was used to fire the bullets in both of the incidents at the IMPD buildings, and DNA, later matched to Wilcoxson, was found on one of the shell casings from each incident.

[5] On October 31, an IMPD SWAT team executed an arrest warrant for Wilcoxson at his apartment. Wilcoxson fired a gun at the officers as they entered the apartment, but he ultimately surrendered. During a search of Wilcoxson's apartment, officers found a rifle, which forensic analysis revealed had been used in Clements' murder, the IMPD building shootings, and during the SWAT team's entry of his apartment. In addition, a handwriting analysis indicated that Wilcoxson had written the notes left at the IMPD buildings.

[6] The State charged Wilcoxson with Clements' murder in Boone County and separately charged him with the IMPD shootings in Marion County. Prior to trial on Clements' murder, the State indicated its intent to submit evidence related to the shootings at the IMPD buildings and at Wilcoxson's apartment, which occurred in the weeks after Clements' murder, "for the purposes of identifying [Wilcoxson] as the person who used the [same] gun at the time of Mr. Clements' murder and to prove [Wilcoxson's] motive, opportunity, intent and plan in this case." Appellant's App. Vol. 2 at 90. Following a hearing, the

trial court ruled that the State would be permitted to introduce evidence at trial related to the other shootings as "relevant on the question of identity of the perpetrator of the crime in this cause[.]" *Id.* at 107. At trial, Wilcoxson argued that the State could not prove that he was the person who shot and killed Clements. At the conclusion of a bench trial, the court found Wilcoxson guilty as charged, entered judgment of conviction accordingly, and sentenced Wilcoxson to sixty-five years executed. The trial court ordered that this sentence run consecutive to Wilcoxson's forty-year sentence (thirty-seven years executed and three years suspended to probation) for the Marion County shootings. This appeal ensued.

# Discussion and Decision

### Issue One: Evidence Rule 404(b)

Wilcoxson contends that the trial court abused its discretion when it admitted evidence including "detailed witness accounts from law enforcement regarding the specific facts of the offenses that occurred on October 4, 2016, October 13, 2016, and October 31, 2016" in Marion County. Appellant's Br. at 23. Wilcoxson maintains that that evidence was inadmissible evidence of prior bad acts under Indiana Evidence Rule 404(b). As we explained in Wilcoxson's appeal from his Marion County convictions:

> [Evidence Rule 404(b)] provides that evidence of a crime, wrong, or other act "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but it "may be admissible for another purpose, such as proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Ind. Evidence Rule 404(b). Evidence Rule 403 provides, in turn, that evidence, even if relevant, should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Therefore, when the State seeks to use evidence of a crime, wrong, or other act, the court must (1) determine whether the evidence is relevant to a matter at issue other than the defendant's propensity to commit the charged act and, if so, (2) balance the probative value of the evidence against its prejudicial effect. *Hicks v. State*, 690 N.E.2d 215, 221 (Ind. 1997). We review a trial court's ruling for an abuse of discretion. *Spencer v. State*, 703 N.E.2d 1053, 1057 (Ind. 1999).

*Wilcoxson I*, 132 N.E.3d at 31.

[8] We do not reach the merits of Wilcoxson's argument on this issue because he failed to preserve it for our review. It is well settled that a contemporaneous objection at the time the evidence is introduced at trial is required to preserve the issue for appeal. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010); *see also Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000) ("The failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on appeal."). The purpose of this rule is to allow the trial judge to consider the issue in light of any fresh developments and also to correct any errors. *Brown*, 929 N.E.2d at 207. When a defendant fails to object to allegedly inadmissible evidence the first time it is offered, no error is preserved. *Jenkins v. State*, 627 N.E.2d 789, 797 (Ind. 1993). Further, a defendant may not

present one ground for an objection at trial and assert a different one on appeal. *Lashbrook v. State*, 762 N.E.2d 756, 759 (Ind. 2002).

[9] Here, Wilcoxson directs us to two objections he made to the alleged bad acts evidence at trial, but neither one was timely, and neither one alleged a violation of Evidence Rule 404(b). In particular, Wilcoxson first objected to testimony by Erica Christensen, a crime scene specialist with the Marion County Crime Lab who testified regarding the evidence she found at Wilcoxson's apartment after his arrest, including the rifle he used to murder Clements. Wilcoxson objected to her testimony as irrelevant, but he made no objection based on Evidence Rule 404(b).

[10] Then, *after* the State's direct examination of Amanda Smet, another crime scene specialist, Wilcoxson stated as follows:

> I object to everything that she, all she did was take a picture of the scene and she don't know when it occurred or et cetera and I, they're just showin' pictures, that's what they're doing, they just showin' little evidence of any, takin' pictures of things and she don't know even know why she went out there. Every, I object to everything they're doing here Your Honor. It doesn't show the relevance of what we're here for or not.

Tr. Vol. 2 at 191-92. The trial court overruled that objection, and Smet was excused and the State called its next witness. At that point, Wilcoxson said, "Your Honor, if you don't mind, could they show the relevancy of the . . . what they showing today that took place years ago in Indianapolis, what is the relevancy of this doing with this case here today?" *Id.* at 192. The trial court

responded, "The Court has admitted the evidence, it has conducted a hearing on 404(b) evidence and has ruled on this subject matter previously and so the Court has made its evidentiary rulings and I think the record is preserved."[1] *Id.*

[11] In sum, Wilcoxson did not make contemporaneous objections to the challenged evidence. Neither did Wilcoxson make a continuing objection. And he did not make a single objection at trial based on Evidence Rule 404(b). Thus, even if his objections based on relevance had been timely, they were insufficient to preserve the Rule 404(b) issue for our review. *See Lashbrook*, 762 N.E.2d at 759 (holding Evidence Rule 404(b) issue waived on appeal where defendant objected based on relevance at trial). We hold that Wilcoxson has waived the issue of whether the trial court abused its discretion when it admitted the challenged evidence at trial.[2] *See id.*

### Issue Two: Sentence

[12] Wilcoxson next contends that the trial court abused its discretion when it sentenced him. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual

---

[1] We reject Wilcoxson's assertion that this comment indicates that the trial court "was not apt to change its mind." Appellant's Br. at 31. The contemporaneous and specific objection rules are clear and immutable.

[2] Wilcoxson neither alleges nor demonstrates fundamental error in the admission of that evidence.

deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[13] A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind.), *clarified on reh'g other grounds*, 875 N.E.2d 218 (Ind. 2007)).

[14] The sentencing range for a murder conviction is forty-five to sixty-five years, with an advisory sentence of fifty-five years. Ind. Code § 35-50-2-3 (2019). Here, at sentencing, the trial court identified the following aggravating factors: Wilcoxson's criminal history, including a prior conviction for attempted murder and a probation violation; Clements' age and the fact that Clements was the primary caregiver for his disabled wife; Wilcoxson's "character for hatred and violence," including his "espous[al of] hatred" towards white people; and the facts and circumstances of Clements' murder, which the court described as "terroristic." Appellant's App. Vol. 2 at 39-40. The trial court found Wilcoxson's young age as a mitigating factor entitled to "minimal weight." *Id.* at 41. After weighing the aggravators and mitigators, the trial court imposed a

sixty-five-year sentence to be served consecutively to Wilcoxson's sentence for the Marion County shootings. As the court explained,

> [r]unning the sentence in this case concurrent with the sentence out of Marion County would stand for the proposition that if one undertakes a terroristic spree of murdering and attempting to murder people several times over a few weeks that such a miscreant stands to be punished only once. That is unacceptable. It is contrary to the rule of law and to a civil peaceful society. Aware that that total length of incarceration for the Defendant on this and [his sentence in Marion County] is 102 years, the Court FINDS that the imposition of the sentence in this case consecutive with that of [the Marion County case] is warranted.

*Id.* at 42.

[15] Wilcoxson contends that the sentencing order "does not support the finding of the maximum sentence for murder," and he states that he "would argue that the imposition of consecutive sentences for the Boone case and Marion County cases were not supported by the sentencing order and that any sentence imposed by Boone County should be concurrent [with] the Marion County cases." Appellant's Br. at 32, 34. Wilcoxson has not satisfied his burden on appeal to show an abuse of discretion.

[16] First, Wilcoxson does not make cogent argument in support of a reduced sentence. To the extent he suggests that the trial court gave too much weight to his "character evidence" related to the alleged Evidence Rule 404(b) evidence, Wilcoxson's argument is not well taken. We will not reweigh aggravators and mitigators on appeal. *See Anglemyer*, 868 N.E.2d at 491. Second, we reject

Wilcoxson's attempt to analogize the aggravators and mitigators in this case to those in *Landers v. State*, 762 N.E.2d 1208 (Ind. 2002), where our Supreme Court reversed the trial court's imposition of consecutive sentences based on significant mitigators. Wilcoxson emphasizes his youth and that he is a father to young children. But the trial court gave minimal weight to his youth and no weight to his fatherhood. And the aggravators, especially the unimaginable impact of Clements' senseless murder on his disabled wife, clearly warrant the imposition of consecutive sentences. The trial court did not abuse its discretion when it sentenced Wilcoxson.

[17]    Affirmed.

Vaidik, J., and Tavitas, J., concur.